IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JORGE HECTOR VALENCIA**  PLAINTIFF

**VERSUS**  CIVIL ACTION NO. 5:08-cv-172-DCB-MTP

**CONSTANCE REESE, RUSSELL PERDUE,
ROY C. CHEATHAM, UNKNOWN CASTELLI,
DEBRA DAWSON, DARRYL HOOKS AND
MICHAEL MURKSEY**  DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate currently incarcerated in the Federal Correctional Complex, Yazoo City, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 on March 27, 2008. On March 27, 2008 two orders were entered in this action. One order directed plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application, within thirty days. The other order directed plaintiff to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. Plaintiff has failed to comply with both of the orders. Plaintiff was warned in these court orders that failure to advise this court of a change of address or failure to timely comply with the requirements of the orders may lead to the dismissal of his complaint.

On June 2, 2008, an order was entered directing plaintiff to show cause, on or before June 23, 2008, why this case should not be dismissed for his failure to timely comply with the court's March 27, 2008 orders. In addition, plaintiff was directed to comply with the March 27, 2008 orders by filing the required documentation, on or before June 23, 2008. The show cause order warned plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice. Plaintiff did not comply with the court's

order.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Id.* at 629-30.

The plaintiff has not complied with three court orders nor has he contacted this court since March 27, 2008. The court concludes that dismissal of this action for plaintiff's failure to prosecute under FED.R.CIV.P.41(b) is proper. Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the ___7th___ day of July, 2008.

                                                   S/David Bramlette
                                             UNITED STATES DISTRICT JUDGE