# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

JORGE HECTOR VALENCIA                                              PLAINTIFF

VERSUS                                     CIVIL ACTION NO. 5:08-cv-172-DCB-MTP

CONSTANCE REESE, RUSSELL PERDUE,
ROY C. CHEATHAM, UNKNOWN CASTELLI,
DEBRA DAWSON, DARRYL HOOKS AND
MICHAEL MURKSEY                                                    DEFENDANTS

MEMORANDUM OPINION AND ORDER

On September 22, 2008, the instant civil action was reopened in this Court and the Plaintiff was directed to comply with this Court's orders [3 & 4] of March 27, 2008, within twenty days. One order [4] directed the Plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court. The other order [3] directed the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Plaintiff has failed to comply with the orders. The Plaintiff was warned in these Court orders that failure to timely comply with the requirements of the orders may lead to the dismissal of his complaint. Plaintiff has failed to comply with the Court's orders.

On November 6, 2008, an order was entered directing Plaintiff to show cause, on or before November 20, 2008, why this case should not be dismissed for his failure to timely

comply with the Court's March 27, 2008 and September 22, 2008 orders. In addition, Plaintiff was directed to comply with the March 27, 2008 and September 22, 2008 orders by filing the required documentation, on or before November 20, 2008. The show cause order warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice. Plaintiff did not comply with the Court's order.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Plaintiff has not complied with four Court orders nor has he contacted this Court since August 5, 2008. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED.R.CIV.P.41(b) is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 22nd day of December, 2008.

        s/ David Bramlette
UNITED STATES DISTRICT JUDGE